UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sorna Corporation,

      Plaintiff,

v().                                                      Civil No. 16-1748 (JNE/KMM)
                                                    ORDER

PACS-Exchange, LLC,

      Defendant.

    Sorna Corporation brought this action against PACS Exchange, LLC,[1] for patent infringement. The case is before the Court on PACS Exchange's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. For the reasons set forth below, the Court grants the motion and dismisses the action without prejudice.

## I.    BACKGROUND

    The following summarizes the allegations of the Amended Complaint. Sorna is a Minnesota corporation whose principal place of business is located in Minnesota. PACS Exchange is a Wisconsin limited liability company whose principal place of business is located in Wisconsin. PACS Exchange "has continuous and systematic contacts in Minnesota," and it "has offered to sell and sold products in Minnesota that infringe the patents in suit." "[S]uch infringing products are also being used in Minnesota."

    The patents in suit, which Sorna owns, are U.S. Patent No. 7,965,408; U.S. Patent No. 8,045,214; U.S. Patent No. 8,059,304; and U.S. Patent No. 8,687,226. The '214

---

[1] Sorna named "PACS-Exchange, LLC," as the defendant. In its motion papers, the defendant omitted the hyphen from its name. The Court does the same.

1

Patent is entitled "Medical Data Recording Apparatus." The other three patents are entitled "Medical Data Recording System."

PACS Exchange manufactures, sells, and offers to sell medical data recording software and devices, including PACS Executive and PACS Executive Plus. Sorna identified PACS Executive and PACS Executive Plus as the "infringing products and methods." PACS Exchange's infringing products and methods "publish CD/DVD's containing reports and studies, label the CD/DVD's with specific patient study information, and include a viewer on the disc." PACS Exchange "has offered the infringing products and methods for sale to the public in conjunction with a DICOM Disc publishing system," which includes a Windows PC and an Epson PP50 printer and CD/DVD publisher. It also "sells and markets the infringing products and methods to third parties, including at least end users engaged in publishing medical records on CD/DVD's."

## II.   DISCUSSION

The parties agree that resolution of PACS Exchange's motion to dismiss for lack of personal jurisdiction determines whether venue is proper in this case. *See* 28 U.S.C. §§ 1391(c)(2), 1400(b) (2012); *In re TC Heartland LLC*, 821 F.3d 1338, 1341-43 (Fed. Cir. 2016), *petition for cert. filed*, 85 U.S.L.W. 374 (U.S. Sept. 12, 2016) (No. 16-341); *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1580 (Fed. Cir. 1990). A separate analysis of venue is not necessary. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005).

"When the district court's determination of personal jurisdiction is based on affidavits and other written materials, and no jurisdictional hearing is conducted, the plaintiff usually bears only a prima facie burden."  *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).  "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor."  *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003); *see AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012) (per curiam) ("The paltry allegations in the complaint cannot support the exercise of personal jurisdiction in Wyoming."); *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1338 (Fed. Cir. 2006) ("In reviewing the decision [to grant a motion to dismiss for lack of subject-matter jurisdiction and personal jurisdiction], we accept a plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in its favor.").

"The determination whether a district court has personal jurisdiction over the defendants in a patent infringement case generally involves two inquiries.  First, does jurisdiction exist under the state long-arm statute?  Second, if such jurisdiction exists, would its exercise be consistent with the limitations of the due process clause?"  *Trintec*, 395 F.3d at 1279.  Minnesota's long-arm statute confers jurisdiction to the extent permitted by the Due Process Clause.  *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007); *Rilley v. MoneyMutual, LLC*, 884 N.W.2d 321, 327 (Minn. 2016).

"Due process requires that the defendant have sufficient 'minimum contacts' with the forum state, 'such that the maintenance of the suit does not offend traditional notions

3

of fair play and substantial justice.'  Personal jurisdiction has two forms: specific and general." *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016) (citation omitted).  In its memorandum in opposition to PACS Exchange's motion, Sorna stated that "[o]nly specific jurisdiction is at issue here" and that it "does not argue that general jurisdiction is appropriate."

To determine whether the due process requirement for specific personal jurisdiction is met, a court considers "(1) whether the defendant purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard*, 792 F.3d at 1377.  "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

PACS Exchange asserted that Sorna cannot demonstrate that PACS Exchange purposefully directed its activities at residents of Minnesota or that Sorna's claims arise out of or relate to PACS Exchange's activities in Minnesota.  In support, PACS Exchange cited the declaration of its president and sole employee, Brian Riedl.  According to Riedl, PACS Exchange "does not transact any business within Minnesota," "is not incorporated or registered to do business in Minnesota," and "does not hold itself out in Minnesota as a company doing business in Minnesota."  It does not own, use, or possess any real or personal property in Minnesota; has no bank accounts in Minnesota; and "does not have any contractual relationships with anyone in Minnesota."  PACS Exchange "has never

sold any product in Minnesota." It "conducts no Minnesota-specific advertising." PACS Exchange "briefly engaged in email advertising." "[N]one of the recipients of such emails were known to PACS Exchange to be located in Minnesota." It "received no response to such email advertisements." PACS Exchange has a website that describes its products. Although the website "may be viewed from Minnesota," it "has never specifically targeted customers in Minnesota." PACS Exchange "has never sold either the PACS Executive or PACS Executive Plus software to anyone in the United States, including the state of Minnesota," and "has never offered for sale either the PACS Executive or PACS Executive Plus software to anyone in the state of Minnesota." "PACS Exchange has not used, and PACS Exchange is not aware of any use of, PACS Executive or PACS Executive Plus software in the state of Minnesota." It "has not demonstrated the PACS Executive or PACS Executive Plus software to anyone in the state of Minnesota," and it "is not aware of having provided pricing of the PACS Executive or PACS Executive Plus software to anyone in the state of Minnesota."

Sorna responded that PACS Exchange "has purposely directed sales activity toward Minnesota" and that Sorna's claims arise out of that activity. Sorna maintained that PACS Exchange "is directly offering infringing products and methods for sale to Minnesota customers." *See* 35 U.S.C. § 271(a) (2012). In support, Sorna relied on an e-mail and PACS Exchange's website. The e-mail is dated June 8, 2015, and was sent by

5

Riedl to an individual at North Memorial Health Care.[2] Its subject is "Medical CD burner and secure peer-to-peer transfer." Under "DICOM Disc Publishing and Patient Data Exchange Solutions," Riedl described PACS Exchange's "PACS Executive with Epson Publisher system," directed the recipient to contact PACS Exchange to schedule a demonstration and to "learn how affordable the system is to purchase and maintain," disclosed prices of the system with various features, and indicated that PACS Exchange's website offers 30-day demonstration versions for download.

PACS Exchange's website describes PACS Executive and PACS Executive Plus and allows a user to "reserve" each product by clicking a "reserve it now" button. If the button is clicked, the website requests the following information: name, company, position, e-mail address, phone number, and message. Submission of the information yields a message that a representative of PACS Exchange will contact the user.

Sorna has not satisfied its prima facie burden of demonstrating that the exercise of personal jurisdiction over PACS Exchange is proper. PACS Exchange's website does not show that PACS Exchange purposefully directed its activities at residents of Minnesota. The website is generally available to those who have access to the Internet. Nothing about it is specifically directed at Minnesota. Nothing in the record reveals any contact by PACS Exchange with Minnesota residents, other than Sorna's counsel, through its website. PACS Exchange's website does not constitute purposeful direction

---

[2] Sorna submitted a copy of a page of North Memorial Health Care's website. The copy, dated September 6, 2016, indicates that North Memorial Health Care is located in Robbinsdale, Minnesota.

of PACS Exchange's activities at residents of Minnesota. *See Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008); *Trintec*, 395 F.3d at 1281.

As to the e-mail sent by Riedl to the individual at North Memorial Health Care, the Court assumes that the e-mail constitutes purposeful direction of PACS Exchange's activities toward a resident of Minnesota. *See 3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998). According to Sorna, its claims arise out of the e-mail because the e-mail constitutes an offer to sell infringing products in Minnesota. *See* 35 U.S.C. § 271(a).

The Federal Circuit has "define[d] § 271(a)'s 'offer to sell' liability according to the norms of traditional contractual analysis." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1254-55 (Fed. Cir. 2000); *see MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1376 (Fed. Cir. 2005). "[C]ontract law traditionally recognizes that mere advertising and promoting of a product may be nothing more than an invitation for offers, while responding to such an invitation may itself be an offer." *Grp. One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 1048 (Fed. Cir. 2001). "An 'offer to sell' generally occurs when one 'communicate[s] a manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it.'" *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2013-1472, 2016 WL 4151239, at *8 (Fed. Cir. Aug. 5, 2016) (quoting *MEMC*, 420 F.3d at 1376).

The e-mail does not constitute an offer to sell. It is not a price quotation directed at a particular prospective customer. *See 3D Sys.*, 160 F.3d at 1376, 1379. The e-mail is

a general advertisement that invites the recipient to contact PACS Exchange "to schedule a demo and learn how affordable the system is to purchase and maintain." Sorna's claims neither arise out of nor relate to PACS Exchange's activities in Minnesota.

For these reasons, the Court concludes that Sorna has not satisfied its prima facie burden of demonstrating that the exercise of personal jurisdiction over PACS Exchange is proper. The Court therefore grants PACS Exchange's motion and dismisses the action without prejudice.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. PACS Exchange's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Docket No. 7] is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 18, 2016

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge